UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SHAWNA C. MITCHELL, | |
| Plaintiff, | No. 06:12-cv-01062-HU |
| vs. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | **ORDER FOR EAJA FEES** |
| Defendant. | |

Richard F. McGinty
P.O. Box 12806
Salem, OR 97309

    Attorney for Plaintiff


S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

David Morado
Regional Chief Counsel, Region X, Seattle
Nancy A. Mishalanie
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite #2900 M/S 901
Seattle, WA  98104-7075

    Attorneys for Defendant

SIMON, United States District Judge:

In this case, the plaintiff Shawna C. Mitchell sought judicial review of the Commissioner's decision denying her applications for Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Act. The administrative record was a relatively short 531 pages. Mitchell filed a seventeen-page opening brief, raising three assertions of error by the Administrative Law Judge ("ALJ"). In response, the Commissioner filed a motion to remand, noting the ALJ had failed to resolve an issue raised by the medical expert in the case. Mitchell argued any remand should be for calculation and payment of benefits, rather than further proceedings, but if the court did order remand for further proceedings, then the court's instructions to the ALJ should be more specific than the Commissioner's suggestion. Judge Hubel recommended remand for further proceedings, and made specific suggestions regarding what those proceedings should include, and the time limit within which they should be completed. Neither party objected, and on March 24, 2014, I remanded the case.

Mitchell's attorney Richard McGinty filed a motion for attorney's fees in the amount of $8,197.86, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, subject to any offset as described in *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010). Mr. McGinty noted the Commissioner planned to oppose the motion. Dkt. #26. Thereafter, the parties continued to negotiate, and they now have filed a stipulated motion requesting an award of $6,000 in EAJA fees for Mr. McGinty. Mr. McGinty has submitted time records (Dkt. #27-2) indicating he expended a total

2 - ORDER FOR EAJA FEES

of 44.1 hours on this case, which I note slightly exceeds the twenty-to-forty-hour range Judge Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007) (noting "some consensus among the district courts" on this point; citing cases).

Adjusting the EAJA statutory fee of $125 per hour using the Ninth Circuit's formula for cost-of-living adjustments, *see Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005)); *Jones v. Espy*, 10 F.3d 690, 692-93 (9th Cir. 1993); the EAJA-adjusted hourly rate for 2012 is $184.32, for 2013 is $187.02, and for May 2014 is $188.04. Multiplying counsel's hours for the respective years results in attorney fees of $3,520.51[1] for 2012 (19.1 x $184.32); $3,759.10 for 2013 (20.1 x $187.02); and $921.40[2] for 2014 (4.9 x $188.04); for a total of $8,201.01 ($2,201.01 more than the amount to which the parties have stipulated).

I find that the stipulated fee of $6,000.00 is reasonable under the circumstances, and **grant** the parties' motion. Mitchell is awarded the sum of **$6,000.00** in attorney's fees under the EAJA. If Mitchell's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program pursuant to *Ratliff*, then the check for EAJA fees shall be made payable to

---

[1] Mr. McGinty multiplied 19.1 hours x $184.32, and mistakenly arrived at a 2012 total of $3,522.36. Dkt. #27-2, p. 1.

[2] This figure differs from Mr. McGinty's calculation because he used the 2013 EAJA-adjusted rate, rather than the most recent 2014 rate. *See* Dkt. #27-2, p. 2.

3 - ORDER FOR EAJA FEES

Mitchell's attorney Richard F. McGinty, based on Mitchell's assignment of such fees to her attorney. *See* Dkt. #27-1, p. 2. Any check for EAJA fees shall be mailed directly to Mitchell's attorney Richard F. McGinty at P.O. Box 12806, Salem, Oregon 97309-0806.

IT IS SO ORDERED.

Dated this 18th day of July, 2014.

_____
MICHAEL H. SIMON
United States District Judge

4 - ORDER FOR EAJA FEES